# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed November 29, 1910.

JACOB H. MITNICK
VS.
RUSSIAN CONGREGATION OF B'NAI ISRAEL.

*Jackson & Jackson* for plaintiff.
*Jacob J. H. Mitnick* for defendant.

STOCKBRIDGE, J.—

The bill in this case is filed for the purpose of enabling the plaintiff to remove the remains of his father, who died in the year 1905, from the cemetery of the defendant, to another cemetery, there to re-inter them by the side of the mother of the plaintiff.

While the cases are numerous which deal with the right to remove the bodies of the dead from one place to another, they have generally arisen where there was a disagreement between a surviving husband or widow, and the next of kin of the deceased, and very rarely. as in the present case, where the sole opposition, based principally upon religious grounds, emanates from the cemetery authorities.

The reasons for the action of the plaintiff rest upon two grounds, one the desire of the plaintiff that his father shall rest by the side of his mother; and secondly, in the fulfillment of an alleged promise made by the plaintiff to the deceased in his lifetime, and now

126

regarded by the plaintiff as in the nature of a vow.

The court has been referred to the case of Herman vs. Sheritta Israel Congregation, decided by Judge Dennis in 1894, as conclusive of the present case, and while that case presents many points of similarity to the present one, I can not regard it as necessarily conclusive of the present contention.

In fact each of the numerous cases dealing with the final disposition of the bodies of the dead, seems to rest to a large extent upon the particular facts of the immediate case, and clear, definite rules are few.

As a generalization from the authorities it may be said that where there is a testamentary direction by a person with regard to the disposal of his remains, such direction is controlling, and there seems to be no good reason why such direction should be by formal document, or why it should not be made by word of mouth as well.

If no such disposition is made, then the right to direct as to the place of burial, is one which passes to the widow or next of kin, some cases giving the preference to the one, and some to the other, but in either event it is not to be controlled by any ecclesiastical law.

This leads to a consideration of the facts of this case. The deceased was an orthodox Jew, a seat-holder in a synagogue of that faith, and he had often, as appears from the evidence of a number of witnesses, expressed during his life a desire to be interred in the cemetery controlled by that society.

His wife, a woman of the same faith, had also expressed her desire to be buried in the same place. This is also testified to by members of the society, and is conclusively shown by the fact that when she died, and her remains were brought to this city by the plaintiff his first step was to endeavor to secure their burial in the cemetery of the defendant.

We have therefore the clearly established desire of Mr. Simon Mitnick as to the place where he should be buried, and the only adequate ground for disregarding that wish is the vow alleged to have been made by the plaintiff to his father, that he should be buried by the side of his wife, a condition which at her death a year later than that of her husband, was impossible of fulfillment. There thus appears to have been two expressed desires, which, as events have transpired, come in conflict with one another, and the question now is, as to which shall prevail.

The evidence is undisputed that the plaintiff was not present at the burial of his father, and that he neither gave nor attempted to give any direction as to the disposition of his remains.

His inaction therefore amounted to an assent to the action which was taken by his mother and his brother in the burial in the cemetery of the defendant. Nor did he then seek to make his promise to the deceased effectual by reserving or seeking to reserve sufficient space for the burial of his mother by the side of his father.

In fact, he said nothing about it until more than a year later, after the death of his mother. Yet his vow, if vow there had been, was just as imperative at the time when his father died as it was subsequently.

It is the undoubted policy of the courts not to lightly disturb the graves of deceased persons, though in a proper case they do not hesitate to do so. But in the present case the original burial having been in accordance with the expressed desires of the deceased, and tacitly assented to by the plaintiff, and no attempt made by him at the time or for months afterwards towards the fulfillment of the alleged vow, I must hold that the present application comes too late, and that the bill must be dismissed.